UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81260-CIV-HURLEY

CLAUDE DAVID CHASTAIN,
    plaintiff,

vs.

N. S. S. ACQUISITION CORP
d/b/a BEV SMITH TOYOTA,
    defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION
FOR APPELLATE ATTORNEY FEES

    This case is before the court on defendant's motion for appellate attorney's fees and costs [DE# 37-1], which the Eleventh Circuit Court of Appeals transferred to this court for disposition [DE# 35]. For reasons which follow, the court shall deny the motion.

I. Background

    Plaintiff Claude David Chastain filed this putative class action complaint against defendant N. S. S. Acquisition Corp. d/b/a Bev Smith Toyota seeking damages, declaratory and injunctive relief under the Truth in Lending Act (TILA) (Count 1), the Florida Motor Vehicle Retail Sales Finance Act (MVRSFA) (Florida's statutory supplement to TILA) (Counts 2, 3), the Equal Credit Opportunity Act (ECOA) (Count 4) and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) (Count 5). By his complaint, plaintiff essentially complains that the defendant violated various consumer protection laws by employing a retail automobile sales contract that was contingent on plaintiff's ability to secure financing, so that all essential terms of the contract were effectively not completed at the time the consumer signed the contract, thereby rendering it illusory and unfair.

In its lengthy memorandum opinion, this court dismissed all claims with prejudice, finding nothing in TILA which prohibits financing contingencies in consumer contracts, nor any other legal basis for concluding that the use of a "financing contingency" in this context renders otherwise accurate TILA disclosures "illusory," "contradictory" or "meaningless." The court similarly rejected the plaintiff's related Florida MVRSFA claims. As to the plaintiff's FDUPTA claim, charging misleading, unfair or unconscionable sales practices based on the defendant automobile dealer's alleged use of misleading, contradictory and confusing contract forms and disclaimers, the court summarily concluded that the plaintiff did not describe any unfair, unethical, oppressive or unscrupulous business practices which stated a potential FDUPTA claim, resulting in dismissal of this claim with prejudice as well.

The final order of dismissal with prejudice was affirmed in all respects on appeal. *Chastain v N.S.S. Acquisition Corp.*, 378 Fed. Appx. 983 (11th Cir. 2010)(*per curiam*). The defendant did not move for attorneys' fees and costs incurred in defending against plaintiff's claims in this court, but did file a motion for appellate attorney's fees and costs on the following two specified bases: (1) a contractual provision in the retail installment sales contract shifting attorney fee liability for collection costs; and (2) a prevailing party attorney fee provision in the Florida Deceptive and Unfair Trade Practices Act, § 501.2105, Fla. Stat. (2009).

## II. Discussion

### A. Contract Fees

The retail installment sales contract at issue in this case provides, under "Your Other Promises to Us," at ¶ 3.c., as follows:

**c.  You may have to pay collection costs.**

If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows.

As a threshold matter, this clause is facially inapplicable to the instant claim because this case did not involve any collection action on the part of the defendant. In addition, the defendant exercised its right of cancellation under the contract after the plaintiff failed to meet the financing contingency. By invoking its right of cancellation and recovering possession of the vehicle, the dealer effectively rescinded and abrogated the entire contract. Because there is no longer any contract between the parties, there is no attorney fee provision left for the court to enforce. Accordingly, the court shall deny the defendant's claim for attorneys' fees and costs based on contract. *See e.g. Henderson v Coral Springs Nissan, Inc.*, 757 So.2d 577 (Fla. 4th DCA 2000)(arbitration clause became unenforceable when auto dealer unilaterally rescinded contract that mandated arbitration of claims and controversies).

## 2.  Statutory Fees

The Florida Deceptive and Unfair Trade Practices Act, § 501.2105[1] provides for the discretionary award of attorney's fees and costs to the party prevailing on a claim under the Act. *Hubbel v Aetna Casualty & Surety Co.,* 758 So.2d 94, 101 n. 10 (Fla. 2000). In exercising its discretion under this statute, the court is guided by consideration of the following equitable factors:

---

[1]Section 501.2105 , Fla Stat (2009) provides:

(1) In any civil litigation resulting from any act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party. § 501.2105 (2009)

3

(1)  the scope and history of the litigation;

(2)  the ability of the opposing party to satisfy an award of fees;

(3)  whether an award of fees against the opposing party would deter others from acting in similar circumstances;

(4)  the merits of the respective positions -- including the degree of the opposing party's culpability or bad faith;

(5)  whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;

(6)  whether the defense raised a defense mainly to frustrate or stall;

(7)  whether the claim brought was to resolve a significant legal question under FDUPTA law.

*Humane Society of Broward County, Inc. v Florida Humane Society*, 951 So.2d 966, 971-72 (Fla. 4th DCA 2007).

      A balancing of these factors militates against an appellate attorney fee award in favor of the defendant under the circumstances of this case:  (1) The scope of the litigation was very limited, with the case resolved at the motion to dismiss stage, without the necessity of summary judgment or trial proceedings;  (2) There is no evidence pertaining to the ability of the plaintiff to satisfy an award of fees;  (3) The case involved a novel, but not frivolous, challenge to form contracts used in the automobile retail sales industry, and it primarily involved an attack on the facial legitimacy of those forms under TILA and related Florida statutory consumer protection schemes.  Although these claims were ultimately rejected, along with the tag-along FDUPTA claim, the litigation of test claims of this nature has a social utility consistent with consumer-protection goals of the underlying statutory schemes, and the deterrence of other litigants from bringing such claims is not useful or desired;  (4) The court finds no bad faith on the part of the plaintiff, and instead affirmatively finds

4

that the plaintiff's suit reflected a creative, reasonably grounded attempt to expand the reach of federal and state consumer protection laws, and (5) The plaintiff's claim was not brought to resolve a significant legal question under FDUTPA law.[2] Rather, the single FDUTPA claim lodged in this action was an incidental one -- a general claim of "unfair" or "oppressive" business conduct riding on the same allegations of "illusory," "contradictory" and "meaningless" contract terms as those forming the premise of the plaintiff's primary TILA and MVRSFA claims, and its inclusion did not measurably enhance the costs of litigating the appeal.

Under these circumstances, an award of appellate attorney's fees and costs under the FDUPTA is not warranted. *See e.g. JES Properties, Inc., v USA Equestrian, Inc*., 432 F. Supp. 2d 1283 (M. D. Fla. 2006) (defendants not entitled to attorney fees and costs under FDUPTA where defendants failed to show that they expended any meaningful attorney time or costs in defending against the FDUPTA claim specifically). It is accordingly **ORDERED AND ADJUDGED**:

The defendant's motion for appellate attorney fees and costs [DE # 37-1] is **DENIED**.

**DONE AND SIGNED** in Chambers at West Palm Beach, Florida, this 29th day of December, 2010.

                                              Daniel T. K. Hurley
                                              United States District Judge

cc. All counsel

---

[2] The decision of the Eleventh Circuit affirming the dismissal of all claims in this case contains no discussion of the merits of any of the various statutory claims asserted. Instead, the court simply refers to its recent decision in a related TILA case, *Hunter v Bev Smith Ford, LLC*, Case No. 07-80665-CIV-KLR, as the basis for rejecting the plaintiff's arguments in this case. In *Hunter*, as here, the appellate court summarily affirmed the dismissal of the plaintiff's claims without discussion. *Hunter v Bev Smith LLC,* 353 Fed. Appx. 218 (11th Cir. 2009)(*per curiam*).